THE STATE *ex rel.* MURRAY v. BROWN.

In Banc, July 6, 1897.

1. **Constitutional Question When Not Considered.** When a case can properly be disposed of without going into the question of the constitutionality of an act of the legislature, the court passes by that question.

2. **St. Louis Police Force:** MODE OF PAYMENT. The laws governing the police force in St. Louis discussed, and the proper mode of paying claims for salaries of police officers considered.

3.  **Case In Which Mandamus Will Not Lie.** A mere auditing officer of a municipal government can not be compelled by *mandamus* to audit a claim for salary unless an appropriation has been made for such salary, even although the municipality was in duty bound to make such an appropriation and had failed to do so.

4.  **Salaries of Officers:** NO APPROPRIATION, NO MANDAMUS. Certain municipal enactments of St. Louis on the subject of police salaries reviewed, and the court holds that no appropriation for the salary for which *mandamus* is asked in this case was made by the municipality.

## *Mandamus.*

PEREMPTORY WRIT DENIED.

*Charles T. Noland* for relator.

(1)  The board of police commissioners, being charged by law with the responsibility of managing and conducting the police department and required monthly to make out pay-rolls as vouchers, showing the amount of money due each member of the force, the city auditor is allowed no discretion, when a pay-roll in proper form, signed by the proper officers, is presented, but must audit the claim and draw his warrant upon the treasurer of the city, he being only a ministerial officer, and when he refuses to audit a claim so made and presented, *mandamus* is the proper remedy to force him to act. He can not refuse to audit a claim because he thinks the statute under which the board of police commissioners acted is unconstitutional, or that they acted unwisely in allowing the claim. High, Ex. Leg. Rem. [3 Ed.], sec. 324, note 1, sec. 350, note 3, sec. 351, note 5, and secs. 352–365; *People v. Collins*, 7 Johns. Rep. 549; *Falk v. Strother*, 84 Cal. 544; *Campau v. Public Works*, 86 Mich. 372; *State v. Shakspeare*, 41 La. Ann. 156; *Mussina v. Alling*, 11 La. Ann. 568; *People v. Auditor*, 53 Barb. 555; Wood on Mandamus [2 Ed.], p. 7, note 3; *People ex rel. v. Board*

*of Police,* 75 N. Y. 38; *Babcock v. Goodrich,* 47 Cal. 488; *People ex rel. v. Auditor,* 82 N. Y. 80; *Dannal v. Mayor,* 66 N. Y. 585. (2) The statute approved April 9, 1895 (Session Acts 1895, p. 234), is not unconstitutional. *Kenefick v. St. Louis,* 127 Mo. 1; *State ex rel. v. Miller,* 100 Mo. 439; *State ex rel. v. Bell,* 119 Mo. 70; *Kansas City ex rel. v. Scarritt,* 127 Mo. 642; *State ex rel. v. Francis,* 95 Mo. 44; *State v. Bennett,* 102 Mo. 356. (3) The constitutionality of an act of the legislature is not for the auditor of St. Louis to determine, and he can not plead it as a defense to this writ. *State ex rel. v. Com. Board of Saline County,* 25 N. W. Rep. 587; *Mussiana v. Alling,* 11 La. Ann. 568; *In re Wortman,* 22 Abbott's New Cases, p. 137; *People ex rel. v. Board of Supervisors,* 51 N. Y. 401.

*W. C. Marshall* for respondent.

(1) The city of St. Louis having made no appropriation to pay pensions of retired policemen, but having refused so to do, the respondent, as the auditor of said city, has no power to audit or allow relator's claim. (2) The acts of the General Assembly of Missouri, approved April 22, 1891, and April 9, 1895, attempting to require the city of St. Louis to pay pensions to retired policemen, are unconstitutional, and hence respondent can not lawfully audit relator's claim. *Murnane v. St. Louis,* 123 Mo. 479; *Kansas City ex rel. v. Scarritt,* 127 Mo. 642; *People ex rel. v. Common Council,* 28 Mich. 228; *Detroit v. Road Co.,* 43 Mich. 140; *Mayor v. Commissioners,* 44 Mich. 602; *Fund Society v. Philadelphia,* 31 Pa. St. 183; Dillon on Municipal Corporations [4 Ed.], sec. 72, p. 123, note 1; Cooley on Taxation [2d Ed.], 688; 1 Dillon on Mun. Corp. [4 Ed.], sec. 74a, p. 126; *Philadelphia v. Fox,* 64 Pa. St. 169; *Railroad v. City,* 77 Ill. 505; *People v. Chicago,* 51

Ill. 17; *People v. Solomon*, 51 Ill. 37; *Harard v. Drainage Co.*, 51 Ill. 130.

BARCLAY, C. J.—This is an original action in which the relator seeks a peremptory *mandamus* against Mr. Brown, as auditor of the city of St. Louis. An alternative writ was issued and defendant made return thereto. To the new matter in the return the relator replied. The cause was then argued and submitted, as upon a motion for a peremptory writ. The sufficiency of the return is the only issue presented. The decisive facts are mutually admitted.

Mr. Murray, the relator, was duly appointed by the police commissioners a policeman in the city of St. Louis in April, 1875. At a later period he was promoted to the rank of sergeant. In October, 1895, the board of police commissioners, in due form, retired him upon half pay ($50 per month) in pursuance of the terms of the Act of 1895 concerning the police force of the city of St. Louis. (Laws 1895, p. 234).

In July, 1896, the Municipal Assembly of St. Louis, by ordinance, appropriated $800,000 for the salaries of various members of the police force. A further large sum was appropriated at the same time for the payment of other specified expenses incident to the proper management of the police department for the current fiscal year. The amount of these appropriations has not yet been fully expended. The ordinance by which they were made (to quote from the return) expressly specified the particular objects for which said money was appropriated. The payment of salaries to relator and other persons who had been retired upon half pay (or, in other words, pensioned, pursuant to the acts of 1891 and 1895) was not included in said appropriation; but said appropriation for salaries was expressly limited to the persons in said

appropriation mentioned, of which relator was not one. Said appropriation of $800,000 was declared expressly to be for "salaries of chief, captains, sergeants, patrolmen and detectives, namely, for chief, eight captains, seventy-one sergeants, six hundred and eighty-five patrolmen and sixteen detectives." There were, at that time, in the active service in said police department, all of the persons for whom said appropriation made provision; and relator was not one of such persons.

It is the practice of the board of police commissioners, under the law, to make out each month a pay-roll, in duplicate, properly signed, and the same is then presented to defendant by way of showing the names of persons entitled to pay for services on the police force.

Section 14 of article 5 of the city charter provides that "no money shall be expended, nor shall any improvement be ordered involving an expenditure of money, except by ordinance, the provisions of which shall be specific and definite." (R. S. 1889, p. 2114, sec. 14).

It may be conceded for the occasion (though there is a controversy on that point) that a proper pay-roll was made out (and exhibited to defendant as city auditor) showing relator to be entitled to collect his half pay as a retired police sergeant for the month of September, 1896, and that a due demand was made of defendant to audit the item of account in which the relator is interested. Defendant admits that he did not audit or approve said account or item. Thereupon relator instituted this action to compel defendant to audit the relator's said claim for his half pay as sergeant on the retired list, as called for by the said pay-roll.

1. A question has been raised touching the constitutionality of the Acts of 1891 and 1895 (Laws 1891, p. 184; Laws 1895, p. 234) which provide

(among other things) for pensioning members of the police force on certain meritorious grounds therein mentioned. But as this case can properly be disposed of without an inquiry into the force of the constitutional objections urged to those acts, we shall pass them by.

2. The principal laws governing the police force of St. Louis are found in the appendix to the last revision of the statutes (R. S. 1889, p. 2192, art. 29). There are also some parts of the city charter (besides the one already quoted) which have a vital bearing on the case, viz:

Sec. 16 of art. 16. "All claims against the board of police commissioners, including salaries, shall be paid out of the city treasury in the same manner as other claims against the city are paid; said claims shall be certified to by the president and secretary of said board, and audited as provided in this Charter for claims against the city; and all acts or parts of acts inconsistent with or in conflict with this section are hereby repealed."

No question is started as to the validity of that part of the city charter just quoted. Unless it is valid, this action against the city auditor could not be maintained. For under the old law (sec. 16 of the Police Act, R. S. 1889, p. 2197, sec. 16) the remedy for the relator's case would necessarily be sought by means of some process against the Police Board itself. So we accept, for the present, the relator's theory that the city is bound for the claims against the Board to the extent of the appropriations therefor. Beyond that limit the demand for a *mandamus* against the auditor could not be maintained. If the city itself was defendant, a broader issue would be presented. But a mere auditing officer of a municipal government (such as the charter of St. Louis defines) can not be compelled to

audit a claim, such as that of the relator, unless an appropriation therefor has been duly made. By section 21 of article 4 of the charter it is declared that "the auditor shall be the general accountant of the city, and as such it shall be his duty to receive and preserve in his office all accounts, books, vouchers, documents and papers relating to the accounts or contracts of the city, its debts, revenues and other fiscal affairs, and to adopt a proper mode and manner of double entry bookkeeping. He shall state and render all accounts filed or kept in his office between the city and other persons or body corporate, except when otherwise provided by law or ordinance. He shall examine, adjust and audit all unsettled accounts, claims and demands against the city, for the payment of which any money may be drawn from the city treasury; and after having examined the same, with all accompanying vouchers and documents, shall certify thereon the balance or true state of such claim or demand, and draw his warrant on the treasurer in payment thereof; but no such claim or demand, or any part thereof, shall be audited against the city unless it is authorized by law or ordinance, and is in a proper and fully itemized form, and unless the amount required for the payment of the same shall have been appropriated for that purpose by the assembly."

Even if the city was in duty bound to make an appropriation to pay the relator's claim, the auditor could not be required to audit or approve the claim in advance of the proper appropriation.

The only question then that remains is whether the ordinance (appropriating funds for police salaries and expenses) can reasonably and fairly be construed to provide for the payment of claims of the sort held by the relator, Sergeant Murray. The ordinance provides for payment of salaries of the chief, eight captains,

seventy-one sergeants, sixteen detectives and six hundred and eighty-five patrolmen. Those officers and men compose the present active police force of the city. No appropriation was expressly made by the ordinance for anyone on the retired list; but after the items providing for the pay of the active force, the ordinance adds, "*provided*, that the surplus, if any, may be used in the payment of probationary specials, employed to fill the place of absent patrolmen."

The funds set apart for the objects named in the ordinance are not exhausted. Relator's learned counsel argues that by the proviso quoted above the Board is invested with a discretion as to the mode of expending any surplus of funds beyond those needed for salaries of the active force. True! But only within the scope of the proviso! Relator's claim is not shown to fall within its terms. His claim is simply for salary as sergeant on the retired list, under the pension Acts. The pay-roll itself shows that on its face. The city has refused (or at least omitted) to make any appropriation for such claims, and hence the city auditor can not by *mandamus* be compelled to audit the claim.

Whether or not the city could be required to make an appropriation to pay claims of that nature is not a question in the present case. Anything that might be written on that subject would therefore be unnecessary to the judgment and of no authoritative force.

A peremptory writ is denied. GANTT, MACFARLANE, SHERWOOD, BURGESS, ROBINSON and BRACE, JJ., concur.