THE STATE v. JOSEPH R. BRANNON, Appellant.

Division Two, May 19, 1908.

BILL OF EXCEPTIONS: Out of Time. A bill of exceptions approved and filed at a term of court subsequent to the term at which by order of court leave was given to file, is no part of the record, and cannot be considered on appeal. So that where at the April term leave to file a bill of exceptions was extended to the September term, and thereafter no further extension of time was obtained, a bill approved and filed at the January term cannot be considered.

Appeal from Henry Circuit Court.—*Hon. Chas. A. Denton,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information, which was accompanied by the affidavit of Henry Cahill, is sufficient in form and substance. Kelley's Crim. Law, sec. 535; State v. Houx, 109 Mo. 658; State v. Burris, 126 Mo. 566; R. S. 1899, sec. 1837. (2) The bill of exceptions was not filed within the time required by the order of the circuit court; hence, there is nothing before this court except the record proper. State v. Wilson, 200 Mo. 23; State v. Eaton, 191 Mo. 151. (3) But even if the court cares to examine the so-called bill of exceptions, it will be seen that the defendant was convicted on substantial evidence. The prosecuting witness, who was defendant's daughter, testified positively that the defendant committed the act, at the time and place mentioned in the information. To some extent, prosecutrix was corroborated by her little brother, and by circumstances testified to by other witnesses. True, the defendant denied his guilt, and introduced evidence that showed his daughter had been guilty of theft. Even if the State's explanation of this theft was not reasonable, still the jury had a right to believe prosecutrix, even though she had been guilty many times of that crime. As will be seen, the evidence was conflicting, and the jury, as was its right, believed the State's evidence and disbelieved the defendant's. Where there is substantial evidence tending to sustain the verdict, this court should not turn itself into a trier of the weight of evidence, nor attempt to pass on the credibility of the witnesses, but should defer to the finding of the jury, as approved by the trial judge. State v. Smith, 190 Mo. 706; State v. Groves, 194 Mo. 452; State v. Williams, 186 Mo. 128; State v. Swisher, 186 Mo. 8; State v. Yandell, 201 Mo. 646. This rule holds good even in cases of rape and of assault with intent to rape, brutal and inhuman as those crimes are. State v.

Sanford, 124 Mo. 487; State v. Dilts, 191 Mo. 678; State v. Wilcox, 111 Mo. 575; State v. Baker, 136 Mo. 82.

GANTT, J.—On the 26th day of March, 1906, the prosecuting attorney of Henry county filed an information duly verified charging the defendant with the crime of rape upon a female child under the age of fourteen years, at the county of Henry in this State.

The defendant was duly arraigned at the January term, 1907, and at the same term was put upon his trial and found guilty as charged and his punishment assessed at twenty years in the State penitentiary. Sentence was pronounced in accordance with the verdict and from that sentence he has appealed to this court.

The defendant filed his motion for a new trial and assigned twenty-two grounds therefor, which motion was overruled at said January term, 1907. A motion in arrest was also filed and overruled. Leave was given by the court to file a bill of exceptions during the April term, 1907, of said court. At the April term, 1907, the leave to file the bill of exceptions was extended to be filed during the September term, 1907. No further extension of the time to file the bill was obtained from the court or the judge in vacation. Afterwards, at the January term, 1908, the defendant filed his bill of exceptions signed by the judge on January 30th, 1908. Under this state of the record it is at once apparent that the bill of exceptions is no part of the record and cannot be considered. When the September term, 1907, of the circuit court was finally adjourned the court and judge was powerless to make any other and further valid orders in the cause save to cause proper entries *nunc pro tunc* to be made. [State v. Wilson, 200 Mo. 1. c. 28; State v. Apperson, 115 Mo. 470; State v. Eaton, 191 Mo. 151.]

Looking then to the record proper only, we find the information sufficient and the arraignment, impaneling of the jury, the swearing of the jury and the return of

the verdict and the sentence are all in due and regular form. As no error appears in the record proper, the judgment and sentence of the court must be and is affirmed.

*Fox, P. J.*, and *Burgess J.*, concur.