THE STATE v. LOUIS TIMEUS, Appellant.

Division Two, February 7, 1911.

1. CONSTITUTIONAL QUESTION: Not Determined Unless Necessary.  The constitutionality of the statute which defendant is charged with having violated will not be determined unless the case cannot be properly disposed of upon any other theory.

2. INFORMATION: Employment Agency: No Allegation of Three Days.  An information drawn under that part of the statute (Sec. 7801, R. S. 1909) concerning employment agencies, which makes it an offense for any person to fail within three days to procure acceptable employment for an applicant, and, upon demand, refuse to return the money paid by the applicant for the employment, is fatally defective, if it fails to charge that defendant failed to procure acceptable employment within three days, or that he refused, upon demand, to return the money he had received.

3. ———: ———: Deception.  And if the information is drawn under that part of the statute which makes it an offense to promise or advertise to furnish employment to another, and in pursuance of the promise or advertisement receive money, and shall be guilty of any deception to the person applying for employment, it is bad if it fails to charge that defendant was guilty of deception.  That is an essential ingredient of the offense, and the information in this case does not charge deception in so many words, or such acts and conduct as constitute deception.

4. ———: ———: ———: Acceptable to Applicant.  If the applicant for employment, upon the representation by the employment agent that there was acceptable employment for him at a certain place, went to such place, and by reason of some

232 Sup—12

like or dislike, or some whim, or from mere caprice, concluded the employment was not acceptable, he cannot by such a mental process transform the agent's opinion into a falsehood and subject him to prosecution. An allegation that the agent stated to the applicant that there was acceptable employment at the place that would be acceptable to him, and that he went there and the employment was not acceptable to him, does not charge deception.

5. ———: General Rule. It is a constitutional right of a defendant to be informed of the nature and cause of accusation against him. It is a settled rule of criminal procedure that an information must charge every essential fact constituting the offense.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Wilson A. Taylor,* Judge.

REVERSED.

*Richey & Allison* for appellant.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1)   The act of cheating and defrauding has been denounced as a crime from the earliest period. Statutes enlarging the boundaries of the common law and extending their provisions to new classes of cheats and frauds perpetrated by particular described means have been frequently enacted and uniformly upheld. An examination of our statute against various phases of criminal fraud furnishes ample authority for this statement.   In the exercise of its police power the State has authority to regulate trade and business and to prescribe the means of pursuing one's occupation so as not to permit the perpetration of fraud, or the infringement of the rights of others.   The enactment of the statute in question was but an exercise of that power.   If the Legislature has the power, which no one questions, to declare it a crime to obtain money on false representations relating to present or past condi-

tions. it likewise has the power to denounce as a crime the act of securing the confidence, and afterwards the money, of a person by other means of deception, such as conducting an employment agency, and, in that connection, agreeing to procure a certain kind of employment for another, practicing in that relation fraud and deception, and then refusing to carry out the agreement or return the consideration. The enactment of this statute is so clearly within the power of the Legislature that we do not deem it necessary to cite authorities in support thereof. (2) The information is based upon Sec. 7801, R. S. 1909, which section seems to provide four different methods of committing the offense for which punishment is prescribed—these methods being: (1) Every person who shall agree or promise, or (2) who shall advertise . . . to furnish employment, and, in pursuance of such (1st) agreement or promise, or (2d) advertisement, shall receive any money and who shall be guilty of any deception to any person applying for employment; or (3) who shall direct any female applying for employment to any house of prostitution, assignation house or other immoral resort; or (4) who shall fail within three days to procure acceptable employment for an applicant and, upon demand, refuse to return the money paid by an applicant for employment. It is rather difficult to determine from the allegations of the information whether the draftsmen intended to charge an offense under the first or fourth subdivision of the section, or jointly under both. If under the first, the statute seems to indicate that it is necessary to allege some method of deception practiced in order to charge all the elements of the crime. Under the fourth subdivision it seems perhaps necessary to charge that he "failed within three days to procure acceptable employment for the applicant and refused, upon demand, to return the money paid by the applicant." Since the informa-

tion does not allege the demand for the return of the money, or that the failure to procure employment occurred within three days, we are of the opinion that the sufficiency of the information must be measured by the requirements of the first subdivision. In this connection the information charges deception in that appellant ''sent Edward Baron to Alamosa, Colorado, stating that there was acceptable employment at said place, and that said employment would be acceptable to said Edward Baron, whereas in truth the said employment was not acceptable to said Edward Baron, as he ascertained when arriving at Alamosa, Colorado.'' It seems to us clear that to secure the confidence and money of an applicant, promise and assure him an acceptable and suitable position in a distant part of the country, and then send him to that remote territory upon assurances that acceptable employment awaits his arrival, is a deception of the rankest sort and within the purview of the statute when it develops that the assurance and promises are false, the trip unavailing, the time lost, and the applicant left among strangers to shift for himself and to arrange for his return home. In our opinion the information alleges facts sufficient to constitute an offense under the first subdivision.

KENNISH, P. J.—The defendant was convicted of violating section 7801, Revised Statutes 1909, which declares certain acts of employment agents a misdemeanor, and prescribes a punishment for a violation thereof. Because of constitutional questions having been raised, at the trial, the defendant, after unsuccessful motions for new trial and in arrest, was granted an appeal to this court.

The defendant filed a motion to quash the information, which was overruled, and in that motion, as well as in the motions for new trial and in arrest, challenged the sufficiency of the information, and the con-

stitutionality of the statute upon which the information was based.

Section 7801, under which the defendant was prosecuted, is as follows: "Every person who shall agree or promise or who shall advertise through the public press, or by letter, to furnish employment or situations to any person or persons, and in pursuance of such advertisement, agreement or promise, shall receive any money, personal property or other valuable thing whatsoever, and who shall be guilty of any deception to any person applying for employment, or who shall direct any female applying for employment to any house of prostitution, assignation house or other immoral resort, or who shall fail within three days to procure acceptable employment for an applicant, and upon demand refuse to return the money paid by the applicant for employment, shall be deemed guilty of a misdemeanor," etc.

The charge in the information is: "That Louis Timeus, in the city of St. Louis, on the 26th day of August, 1908, did agree with and promise to one Edward Baron to furnish acceptable employment and to procure a situation to and for said Edward Baron, and in pursuance of said agreement and promise, did receive of and from the said Edward Baron, the sum of five dollars, lawful money of the United States; that the said Louis Timeus did send the said Edward Baron to Alamosa, Colorado, stating that there was acceptable employment at said place and that said employment would be acceptable to the said Edward Baron. Whereas, in truth the said employment was not acceptable to the said Edward Baron, as he ascertained when arriving at Alamosa, Colorado, and the said Louis Timeus did fail and refuse to return to the said Edward Baron the sum of five dollars paid for said employment, contrary to the form of the statute in

such cases made and provided, and against the peace and dignity of the State.''

The first contention urged by appellant in this court is that the information is insufficient, and wholly fails to charge him with the commission of any offense.

If this contention be sustained, it will not be necessary to pass upon the constitutionality of the statute, under the well recognized rule of law that a court will decline to pass upon the constitutionality of a legislative act, unless the case cannot properly be disposed of upon any other theory. [State ex rel. v. Brown, 141 Mo. 21; 8 Cyc. 798.]

The statute is levelled against three classes of offenders: First: Every person who shall agree, promise or advertise to furnish employment to another, and in pursuance of the promise, agreement or advertisement, receive money, property or other valuable thing, and shall be guilty of any deception to the person applying for employment. Second: Every person who shall direct any female applying for employment to any house of prostitution, assignation house or other immoral resort. Third: Every person who shall fail within three days to procure acceptable employment for an applicant, and, upon demand, refuse to return the money paid by the applicant for employment.

The information was clearly intended to charge the commission of the offense by acts embraced in either the first or third of the foregoing classes, but it is difficult to determine under which of those two classes the offense was attempted to be charged.

If it was intended to charge the defendant with the acts denounced in the third class, the information is clearly bad, as it contains no allegation that the defendant failed to procure acceptable employment within three days, or that defendant refused, upon demand, to return the money paid to him by Baron.

If it was intended to charge the acts embraced within the first class, then one of the essential ingredients of the offense is that the defendant was guilty of deception to the person applying for the employment.

It is contended by the State that, although the information does not, in direct language, charge deception to have been practiced upon the applicant by the defendant, it does allege facts charging the defendant with such acts and conduct as to constitute deception, as contemplated by the statute.

This contention cannot be upheld, for the reason that the information does not charge facts showing any deception. That part of the information which it is claimed charges the defendant with having been guilty of deception, is as follows: "That the said Louis Timeus did send the said Edward Baron to Alamosa, Colorado, stating that there was acceptable employment at that place and that said employment would be acceptable to the said Edward Baron. Whereas, in truth the said employment was not acceptable to the said Edward Baron, as he ascertained when arriving at Alamosa, Colorado."

The defendant is thus charged with making two statements: First, that there was acceptable employment at Alamosa; second, that said employment would be acceptable to said Baron. The truth of the first statement is not denied, but it is charged that the employment was not "acceptable to said Baron." The alleged deception thus resolves itself into an expression of opinion by the defendant that the employment would be acceptable to Baron, and the conclusion or opinion of Baron that the employment was not acceptable to him. What were the facts concerning which Baron was deceived? What false statements of fact, if any, were made by the defendant? What facts rendered the employment unacceptable to Baron? If Ba-

ron, by reason of some personal like or dislike, or by reason of some whim, or from mere caprice, concluded that the employment was not acceptable, it certainly cannot be maintained that by such a mental process Baron could transform defendant's opinion into a falsehood and subject him to prosecution for having been guilty of deception.

If the defendant was to be tried for a false statement of facts to Baron, it devolved upon the State to charge and prove such statement, and to charge and prove its falsity.

It was the constitutional right of the defendant to be informed of the nature and cause of the accusation against him, and this guaranty was not complied with by the general language of the information in this case. It is a well settled rule of criminal procedure that an indictment or information must charge every essential fact constituting the offense. In 1 Bish., Crim. Proc., sec. 81, the rule is stated in the following language: "The doctrine of the courts is identical with that of reason, namely, that the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted. This doctrine pervades the entire adjudged law of criminal procedure. It is made apparent to our understandings, not by a single case only, but by all the cases. Wherever we move in this department of our jurisprudence, we come in contact with it. We can no more escape from it than from the atmosphere which surrounds us."

In State v. Hayward, 83 Mo. 299, the rule thus stated by Bishop was quoted with approval and followed. In that case, the question before the court was the sufficiency of an information, charging a misdemeanor. The information charged the defendant with circulating obscene literature. The court held that it was not sufficient to charge that offense in the

language of the statute, but that the objectionable language found in the alleged obscene literature should have been set out in the information.

In State v. Thierauf, 167 Mo. 429, the defendant was prosecuted by information, for a misdemeanor, the charge being the sale of a patent medicine, which was, in part, an imitation of another well known patent medicine. The information charged the offense in the language of the statute, but was held insufficient because it failed to charge what part of the label upon the medicine was an imitation of the other alleged well known patent medicine. The court, in its opinion, said: "It is a cardinal principle in criminal pleading that it must contain an allegation of every fact which is essential to the punishment to be inflicted."

Tested by the rules of criminal procedure, and by the foregoing authorities, the information is wholly insufficient to constitute a valid charge under the statute.

The judgment is reversed and the defendant discharged. *Ferriss* and *Brown, JJ.,* concur.