## THE STATE v. LOUIS TIMEUS, Appellant.

### Division Two, March 7, 1911.

1. **BILL OF EXCEPTIONS: Recitals as to Time of Filing.** The proper place for the order of the court granting the defendant time for the filing of his bill of exceptions is in the record proper; and where there is a recital in the bill itself contradicting such record recital the latter must prevail. So that where the record proper recites that on October 10th defendant was given thirty days to file a bill of exceptions and that he filed his bill on November 13th, and the bill recites that he was given sixty days in which to file the bill, the record recital must be taken as true, and the other rejected, and the bill cannot be considered, because not filed in time.

2. **APPELLATE JURISDICTION: Constitutional Question: Not Raised Below: No Bill of Exceptions.** Where the bill of exceptions was not filed in time and the constitutionality of the statute defendant has been convicted of violating was not raised by demurrer or motion to quash, but was raised only in the motion for a new trial and in the motion in arrest, there is no constitutional question preserved for review, for those motions are a part of the bill of exceptions and cannot be considered on appeal; and the offense being a misdemeanor, the Supreme Court has no jurisdiction of the appeal.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Wilson A. Taylor*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Richey & Allison* for appellant.

While the constitutional questions arising in this case may not have appeared in the record proper to have been raised until on motion for a new trial, nevertheless the court must bear in mind that this cause was tried before a court without a jury, and a court not of record, and that plaintiff's motion to discharge at the close of the hearing, because of the unconstitutionality of the statute upon which the in-

dictment was bottomed, was, of necessity, not of record, as well as the statement of the court that those questions could be raised on motion for a new trial. They do not appear to have been raised by a motion for a new trial, and we fail to see what application could be made of the rulings of this court in State v. Gammon, 215 Mo. 103, as in that case the constitutional question was not raised until an arrest of judgment. Neither can we see the application of Lohmeyer v. St. Louis C. Co., 218 Mo. 689, as that was a civil case, as was also the case of State ex rel. v. Bland, 186 Mo. 701. It is true no motion to quash the indictment was made, but the motion to dismiss, because of unconstitutionality, was made prior to, and at the close of evidence. And in view of the fact that the constitutionality of this law has been admitted by its repeal at the last session of the Legislature, and the enactment of a new statute omitting the objectionable features of this, it seems hardly fair that the appellant should suffer for violation of a law that is clearly unconstitutional, but this court will feel called upon to grant him relief, at whatever stage of the trial the absolute unconstitutionality of the law under which he was indicted came to their notice.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

KENNISH, P. J.—The defendant was prosecuted in the Court of Criminal Correction of the city of St. Louis, upon an information charging a misdemeanor, to-wit, a violation of section 7801, Revised Statutes 1909, concerning employment agencies. A jury being waived, he was tried by the court, found guilty, and his punishment assessed at a fine of two hundred dollars.

After motions for new trial and in arrest were filed and overruled, judgment was pronounced, in ac-

State v. Timeus.

cordance with the finding, and an appeal was granted to this court. For some cause which does not appear in the transcript, the appeal was certified to the St. Louis Court of Appeals, which court, on the ground that a constitutional question appeared in the record, transferred the cause to this court.

The Attorney-General has filed a motion in this court, praying that the cause be transferred to the St. Louis Court of Appeals, for the following reasons:

"1.   Because defendant was tried and convicted on a charge of failure to secure employment for another, and to return money paid him in pursuance of his agreement to procure such employment, which offense is a misdemeanor.

"2.   Because at no stage of the trial did appellant raise and preserve any constitutional question in such a manner as to confer upon this court appellate jurisdiction.

"3.   Because this court has no jurisdiction to hear and determine the appeal."

It is disclosed by the record that the constitutionality of the statute upon which the information was based, was not raised by demurrer, motion to quash, or in any other manner, during the progress of the trial. In the motion for a new trial, for the first time, and again, in the motion in arrest, the defendant assailed the said statute as violative of several provisions of both the Constitution of this State, and the Constitution of the United States.

If the constitutional questions sought to be presented in the motions for a new trial and in arrest, are properly raised in the record before us, then this court has jurisdiction of this appeal; otherwise, it has not.

It is shown by the record proper in this case that on the 10th day of October, 1908, the court pronounced judgment against the defendant, and "further ordered that the said defendant be allowed thirty days to file

'bill of exceptions herein." The next and final recital in the record proper, is of the filing of the bill of exceptions on the 13th day of November, 1908. No order granting an extension of time within which to file the bill, nor agreement of counsel filed with the clerk for that purpose, appears anywhere in the entire record. There is a statement in the purported bill of exceptions that, "thereupon the court gave the defendant sixty days in which to file his bill of exceptions."

The proper place for the order of the court granting the defendant time for the filing of his bill of exceptions, is in the record proper, and not in the bill of exceptions, "and where the recitation in such record is contradicted by that in the bill of exceptions, the latter must give way." [Jones v. Lime Company, 128 Mo. App. 1. c. 348.]

Under this state of the record, it is apparent that the bill of exceptions was filed out of time, and that only the record proper is before this court. [State v. Walker, 194 Mo. 367; State v. Bragg, 207 Mo. 587; State v. Cutberth, 203 Mo. 579; State v. Seaton, 106 Mo. 198; State v. Brannon, 212 Mo. 173.]

As the constitutional questions were not raised in the record proper and only the record proper is in judgment it follows that the case does not involve the construction of the Constitution of the United States, or of this State and, therefore, that this court has no jurisdiction of this appeal.

For the foregoing reasons, the motion to transfer is sustained, and it is ordered that this cause be transferred to the St. Louis Court of Appeals.

*Ferriss* and *Brown, JJ.,* concur.