## STATE OF MISSOURI, Respondent, v. LOUIS TIMEUS, Appellant.

St. Louis Court of Appeals. Submitted on Record October 13, 1911. Opinion Filed November 7, 1911.

1. **APPELLATE PRACTICE: Crimes and Punishments: Scope of Review.** In an appeal from a conviction in a criminal prosecution, the court will examine the record proper for error, although no bill of exceptions was filed.

2. **INDICTMENTS AND INFORMATIONS: Employment Agencies: False Pretenses: Sufficiency of Information.** An information charging that accused, at a specified time and place, agreed with G. to procure employment for him, and under such agreement received $4, that accused failed and refused within three days to procure acceptable employment or to return the money, etc., sufficiently charges an offense under Sec. 7801, Revised Statutes, 1909.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

Frank E. Richey and Campbell Allison for appellant.

P. W. Moss for respondent.

REYNOLDS, P. J.—Information being exhibited against the defendant, Louis Timeus, in the St. Louis Court of Criminal Correction, for violation of section 7801, R. S. 1909, he was found guilty and a fine of $200 and costs imposed. From this judgment he appealed to the Supreme Court, claiming that the case involved the consideration of the constitutionality of the act upon which the information was founded. That court, under the same title of State v. Timeus, 233 Mo. 308, 135 S. W. 28, held not only that no constitutional question had been raised in the trial court, but that no proper bill of exceptions having been filed within the time granted by the court, there was nothing before it for consideration but the record proper. Whereupon the Supreme Court transferred the case to this court. Our court, acting in compliance with the provisions of the Act of the General Assembly of the state (Laws 1909, p. 396, now section 3939, R. S. 1909), transferred the cause to the Springfield Court of Appeals. The parties did not appear there and the case was transferred back to this court by the Springfield Court of Appeals, in consequence of the decision of the Supreme Court in State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336, and cases passim. It is now before us on the record proper, which here consists of the information and the finding and judgment of the court.

The information in this case sets out that defendant, on July 6, 1908, at the city of St. Louis, "did agree with and promise to one Tom Grip, to furnish employment and procure a situation to and for the said

Tom Grip, and in pursuance of said agreement and promise did receive of and from the said Tom Grip the sum of four dollars lawful money of the United States; that the said Louis Timeus did fail and refuse within three days to procure acceptable employment for the said Tom Grip and did fail and refuse upon demand made by the said Tom Grip, after the expiration of said three days, to-wit, on the 16th day of July, 1908, to return to said Tom Grip the said four dollars paid by the said Tom Grip as above set forth, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.''

Testing this information by the decision of our Supreme Court in the case of State v. Timeus, 232 Mo. 177, 135 S. W. 26, we are unable to discover any defect in it. The information here is radically different from the one set out in that case. As said by Judge KENNISH in that case, at page 182, ''the statute (section 7801) is leveled against three classes of offenders.'' The information under consideration evidently aims to bring this defendant under the third class, that is to say defendant having agreed and promised Grip to furnish him employment and procure him a situation and having received of Grip the sum of $4 in consideration of that agreement and promise, failed and refused to procure acceptable employment for Grip within three days, and upon his demand thereafter refused to return the money paid by him for employment. That is a good information under the statute.

As the sufficiency of the information is the only question for our determination, the constitutional question being eliminated and the Supreme Court having decided that there was no bill of exceptions filed within the time limited by the trial court, and as we hold the information good, the finding and judgment of the St. Louis Court of Criminal Correction must be and it is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.