

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 27, 1959

Honorable R. H. Cory, Chairman
State Affairs Committee
House of Representatives
Austin, Texas

Opinion No. WW-605

Re: Applicability of sta-
tutes of limitation
to the cause of action
involved in House Con-
current Resolution 55
of the 56th Legislature,
and related questions.

Dear Mr. Cory:

In your recent letter you have asked with regard
to House Concurrent Resolution 55:

". . . whether or not, if this resolu-
tion was passed, the statute of limitations
would have run against the cause of action
contained therein, and whether or not the
statement concerning no admission of liability
is sufficient in the form set forth in the
bill."

The statutes of limitation do not begin to run
in favor of the State until legislative permission to sue
has been granted. State v. Elliott, 212 S.W. 695 (Civ.App.
1919, error ref.); Walker v. State, 103 S.W. 2d 404 (Civ.
App. 1937); National Biscuit Co. v. State, 129 S.W. 2d
494 (Civ.App. 1937, reversed on other grounds, 134 Tex.
293, 135 S.W. 2d 687); Barganier v. Guest, 246 S.W. 2d
901 (Civ.App. 1952, reh.den); 28 Tex.Jur. 99, Sec. 22.
Accordingly, your first question is answered in the nega-
tive.

The portion of the bill stating that "No admis-
sion of liability of the State is made by the passage of
this Resolution" is, when viewed by itself, sufficient
to avoid any admission of liability. It should be noted,
however, that the bill contains a declaration in partial
conflict with the aforesaid provision to the extent that

the declaration attempts to admit certain elements of liability by stating, ". . . Dr. Spies was unwarrantedly relieved of his duties and dismissed by summary, peremptory and unilateral action of the Board of Regents . . .".

But, a concurrent resolution of the Legislature attempting to create liability on the part of the State is void, as this can be accomplished only by a general act of the Legislature. State v. Isbell, 127 Tex. 399, 94 S.W. 2d 423 (1936). The portion of House Concurrent Resolution 55 which either intentionally or inadvertently attempts to admit certain elements of liability would, therefore, be ineffective. Accordingly, your second question is answered in the affirmative.

## SUMMARY

The cause of action referred to in House Concurrent Resolution 55 is not barred by the statutes of limitation because they do not begin running until legislative consent is given, and the Resolution does not admit liability on the part of the State because a concurrent resolution cannot admit liability.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Henry G. Braswell
Assistant

HGB:mg
APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

C. Dean Davis
Riley Eugene Fletcher
Paul W. Floyd, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert