REUBEN P. BOISE, AND } *Associate Justices.*
RILEY E. STRATTON, }

J. G. WILSON, *Clerk.*

---

A. J. REMMINGTON, Plaintiff in Error, *v.* STATE OF OREGON, Defendant in Error.

### *Error to Multnomah.*

1. Gambling is not an offence under the statute.
2. Criminal statutes must be construed in accordance with their natural and grammatical meaning.

THIS is a prosecution for betting on a game of cards. The indictment was found at the November term, A. D. 1859, of the Circuit Court for Multnomah County, and plaintiff in error did not deny the betting, as charged, but pleaded *guilty*, and was fined by the court below. It is now claimed by the plaintiff in error that there is no such offence as that charged in the indictment, which is based upon the third section of the statute, passed February 1st, A. D. 1858 ; being an act to amend chapter ten of the Oregon Statutes, entitled gaming.

*W. W. Page,* for plaintiff in error.

*D. W. Douthitt,* for defendant in error.

BOISE, J. The question presented by the assignment of errors, in this case, is purely one of the construction of the third section of the act of the 1st of February, 1858; section one of which act prohibits all gambling with cards, but provides no penalty for the violation of such prohibition.

Section two provides for the punishment of persons who shall set up any gambling device; and section three, on which this indictment is founded, *provides,* that " every person who shall bet any money, or other property, &c., at or any other gaming table, bank, or gambling device, shall be punished, &c."

The word " *other,*" as here used in this section, by grammatical construction, must refer to some gaming-table, bank, or gambling device, not mentioned in the preceding section of this act, and cannot, therefore, refer to gambling with cards.

It is true, as urged by the prosecution, that this construction of the statute renders it impossible to prevent betting on gambling devices. But we are not at liberty to construe the language of the statute contrary to its natural and grammatical meaning. And if the legislature has failed to accomplish its object by the enactment of this statute, it is to that authority, and not to the courts, that the public must look for a correction of the mistake.

Judgment below reversed.