PEOPLE v. SIMPSON, CRAWFORD CO.   SAME v. HALE.   SAME v. FRIED.

(Supreme Court, Appellate Term.   February 15, 1909.)

1. FOOD (§ 1*)—POWER TO MAKE REGULATIONS—OLEOMARGARINE.

   The manufacture and sale of oleomargarine are lawful, and cannot be constitutionally prohibited, though the Legislature may require that it be sold for what it is, and not for dairy butter, and that foreign substances, such as coloring matter, shall not be added to it to make it resemble dairy butter.

   [Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. FOOD (§ 16*)—OLEOMARGARINE—ACTION FOR PENALTY—SUFFICIENCY OF EVIDENCE.

   In an action by the state to recover a penalty for violating Agricultural Law (Laws 1893, p. 663, c. 338) § 26, prohibiting the coloring of oleomargarine with any coloring matter by means of which it shall resemble butter, etc., and the sale thereof, held, that the evidence was insufficient to sustain a finding for plaintiff, the statutory prohibition being aimed at an intentional imitation of dairy butter, and not at a resemblance in qualities inherent in the articles themselves and common to both.

   [Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Actions by the People against the Simpson, Crawford Company and against William N. Hale and against Lazarus Fried.   From judgments for plaintiff, the respective defendants appeal.   Judgments reversed, and new trials ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Breed, Abbott & Morgan (William C. Breed, of counsel), for appellants.

Manton M. Wyvell, for respondent.

GILDERSLEEVE, P. J.   The statute (Agricultural Law, Laws 1893, p. 655, c. 338) governing these cases is very comprehensive.   In section 26 it prohibits the use in the production of oleomargarine of of any acid, deleterious substance, or animal fats or animal or vegetable oils, not produced from unadulterated milk or cream, "so as to produce an article in imitation or semblance of natural butter."   The statute further provides that:

"Any person manufacturing, selling, offering or exposing for sale any commodity or substance in imitation or semblance of butter, the product of the dairy, shall be deemed guilty of a violation of the agricultural law, whether he sells such commodity or substance as butter, oleomargarine or under any other name or designation whatsoever, and irrespective of any representations he may make relative to such commodity or substance."

It further provides that:

"No person shall coat, powder or color with any coloring matter whatever, butterine or oleomargarine, or any compound of the same, or any product or manufacture made in whole or in part from animal fats or animal

---

or vegetable oils, not produced from unadulterated milk or cream, by means of which such product, manufacture or compound shall resemble butter or cheese, the product of the dairy; nor shall he have the same in his possession with intent to sell the same, nor shall he sell or offer to sell the same."

So far as the statute may be construed as absolutely prohibiting the manufacture and sale of oleomargarine, it is unconstitutional; and it only becomes valid when construed as prohibiting the sale of oleomargarine which, by artificial means, is made to resemble butter in appearance. People v. Wahle, 124 App. Div. 762, 109 N. Y. Supp. 629. The Supreme Court of the United States has held that oleomargarine is a well-known, wholesome food product, and a legitimate subject of interstate commerce. Schollenberger v. Pennsylvania, 171 U. S. 1, 18 Sup. Ct. 757, 43 L. Ed. 49. A person manufacturing or selling oleomargarine may be legally required to sell it for and as what it actually is, and upon its own merits, and he is not entitled to the benefit of any additional market value which may be imparted to it by resort to artificial means to make it resemble dairy butter in appearance. The statutory prohibition is aimed at a designed and intentional imitation of dairy butter in manufacturing and selling the oleomargarine, and not at a resemblance in qualities inherent in the articles themselves and common to both. People v. Arensberg, 105 N. Y. 123, 11 N. E. 277, 59 Am. Rep. 483. If the oleomargarine sold by the defendants in these three actions was by artificial means not essential or incident to the manufacture of the article, but resorted to for the mere purpose of imitation, made to resemble dairy butter, then these judgments must be affirmed. It appears in all three cases that the oleomargarine resembled butter in taste and smell, but there is nothing to show that these qualities of taste and smell are not inherent in both articles, or common to both, without any resort to artificial means. As we have seen, the law, briefly stated, is that the manufacture and sale of oleomargarine are lawful and cannot be constitutionally prohibited, but the Legislature may, and has, legally required that it shall be sold for what it is, and not for dairy butter, and that foreign substances, such as coloring matter, shall not be added to it for the purpose of making it resemble dairy butter.

Applying this principle to the cases at bar, we find that in the Hale Case and in the Fried Case the oleomargarine was sold exactly for what it was, and that it contained only those substances which are the inherent and recognized properties of oleomargarine. In the Simpson-Crawford Case there is some appearance of a conflict of proof upon an essential point. There is evidence tending to show that, while there was no attempt made by the seller to pass off the oleomargarine as butter, still in the composition of that oleomargarine was cotton seed oil, which one witness, Dr. Geghuee, swears was an unnecessary or foreign ingredient, and which gave a yellowish color to the oleomargarine, causing it to that extent to resemble butter in appearance. Other witnesses called by defendant deny this statement, and claim that cotton seed oil is a usual ingredient of oleomargarine.

We have here apparently two questions of fact presented, viz.: (1) Was cotton seed oil a foreign substance and an artificial coloring mat-

ter? (2) Was it used or added for the purpose of making the oleomargarine resemble dairy butter? The court below decided these questions in favor of plaintiff. It seems to us, however, that in view of the admissions on cross-examination of plaintiff's witness that no artificial or added ingredients were used for the purpose of coloring, and that the coloring matter was that natural to fats used in the manufacture of oleomargarine, we must hold that even in the Simpson-Crawford Case there is a lack of evidence sufficient to sustain the finding in plaintiff's favor. We therefore reach the conclusion that, under the evidence adduced in all three cases, the plaintiff had failed to sustain its cause of action by a fair preponderance of proof, and that all three judgments must be reversed and new trials ordered, with costs to appellants to abide the event, with leave to respondent to appeal to the Appellate Division.

Judgments reversed and new trials ordered, with costs to appellants to abide the event, with leave to respondent to appeal to the Appellate Division. All concur.