# THE STATE v. VANCE McMAHON, Appellant.

## Division Two, May 23, 1911.

1. **CRIMINAL STATUTES: Strictly Construed.** Criminal and penal statutes are strictly construed in favor of the defendant and against the State, both as to the charge and the proof.

2. **CARNAL KNOWLEDGE: Previous Chaste Character: Limitations.** It is incumbent on the State, in a carnal knowledge case, to prove, in addition to the other elements of the offense charged, that the prosecutrix was of previous chaste character, and that the crime was committed within three years prior to the filing of the information.

3. ————: **Previous Chaste Character: After First Act: Repeated Thereafter.** The offense of seduction or of carnal knowledge of a female of previous chaste character is complete when the first act of sexual intercourse is committed; and if thereafter the act is repeated between the same parties, the female cannot be considered of previous chaste character as to the subsequent acts for the purpose of bringing the case within the Statute of Limitations. To do that, the prosecution must be begun within three years after her first act of sexual intercourse with defendant.

4. ————: ————: ————: ————: **Limitations: This Case.** The information, charging defendant with having carnal knowledge of an unmarried female, of previous chaste character, between the ages of fourteen and eighteen years, was filed on February 4, 1909. The uncontradicted testimony is that he began having sexual intercourse with her in 1904, and that the illicit intercourse with her continued for three years, "whenever he got a chance," or until 1907, when she left his home, in which she had been doing the household work for her board, clothes and schooling. *Held*, that she was not a person of previous chaste character within three years next before the filing of the information, and hence the offense was barred by the Statute of Limitations.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw*, Judge.

REVERSED.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

The fact that the illicit relations between appellant and the prosecuting witness continued more than three years prior to the filing of the information does not affect the case. These relations continued, at least, until the latter part of 1906, about two years before the information was filed. It would be abhorrent to every sense of justice to say that appellant's crime in debauching the girl more than three years before his guilt was disclosed by her would protect him from punishment for acts committed within the period of limitation. This case is not within the rule laid down in People v. Nelson, 153 N. Y. 92, since the elements of the offense under the New York statute there considered were (1) seduction, (2) under promise of marriage of (3) an unmarried female of previous chaste character, (5) between sixteen and eighteen. Our statutes punish the mere carnal knowledge of an (1) unmarried female, (2) of previous chaste character, (3) between fourteen and eighteen. Some observations partly in point are found in People v. Millspaugh, 11 Mich. 280. The above cases and that of Hatton v. State, 92 Miss. 653, are based upon the proposition that "there can never be but one seduction." But seduction is not an element of the offense denounced by our statute. The sole question presented on this phase of the case at bar is whether the previous acts of intercourse with appellant, more than three years before the information was filed, so destroyed Mary Nave's "previous chaste character" as to protect appellant from prosecution for subsequent illicit intercourse with her within the three-year period. In other words, can he shield himself behind the fact that he himself had debauched the girl more than three years before the information was filed, despite the fact that he continued having intercourse with her until within

three years. We find no cases in point on a statute like ours. Perhaps the solution of this question can be found in State v. Sassaman, 214 Mo. 722, or in City of Pilot Grove v. McCormick, 56 Mo. App. 533.

KENNISH, P. J.—On the 9th day of February, 1909, the prosecuting attorney of Jackson county filed an information in the criminal court of said county, charging appellant with carnally knowing and abusing Mary Nave, an unmarried female of previously chaste character, between the ages of fourteen and eighteen years, to-wit, of the age of sixteen years. At the same term of said court appellant was tried, convicted of the offense charged, and his punishment assessed at a fine of three hundred dollars and imprisonment in the county jail for six months. An appeal was taken to the Kansas City Court of Appeals, but as that court has no jurisdiction in felony cases the cause was transferred to this court.

Appellant is not represented by counsel in this court, but we have carefully read the entire record and from it have gleaned the following facts which are determinative of the cause.

The prosecutrix, Mary Nave, was born on September 24, 1890. In the month of September, 1904, her father being unable to support her, she went to the home of the defendant to live. The defendant's wife was an invalid. The prosecutrix agreed to do the household work, in consideration for which appellant promised to board and clothe her and send her to school.

The prosecutrix testified that she went to the defendant's home on September 17, 1904; that within a day or two thereafter the defendant began to make improper advances and within a week after she went to his house had carnal knowledge of her. That thereafter he continued to have intercourse with her "whenever he got a chance" until she left his home in 1907. The information was filed on February 9, 1909.

It is a well established rule of criminal procedure that criminal and penal statutes are strictly construed in favor of the defendant and against the State, both as to the charge and the proof. [Manz v. Railway Company, 8 Mo. 278; State v. McCance, 110 Mo. 398; State v. Schuchmann, 133 Mo. 111; State v. Howard, 137 Mo. 289.]

In this case it was incumbent on the State to prove, in addition to the other elements of the offense charged, the averment that the prosecutrix was of previous chaste character and that the crime was committed within three years prior to the filing of the information. [Secs. 4472 and 4945, R. S. 1909.]

The offense of seduction or of carnal knowledge of a female of previous chaste character is complete when the first act of sexual intercourse is committed, and if thereafter the act is repeated between the same parties the female cannot be considered of previous chaste character as to the subsequent acts for the purpose of bringing the case within the Statute of Limitations. [People v. Nelson, 153 N. Y. 90; People v. Millspaugh, 11 Mich. 278; 12 Cyc. 255, 256.]

It is shown by the uncontradicted testimony of the prosecutrix in this case that the defendant began having sexual intercourse with her in 1904, more than four years before the date of the filing of the information, and that the illicit relations continued for more than three years. From these facts and the law applicable thereto it follows that the prosecutrix was not a person of previous chaste character within three years next before the filing of the information and hence the offense was barred by the Statute of Limitations.

For the reasons stated the conviction cannot be sustained and therefore the judgment is reversed.

*Ferriss, J.,* and *Brown, J.,* concur.