STATE OF MISSOURI, Respondent, v. THOMAS SHORTELL, Appellant.

St. Louis Court of Appeals, May 6, 1913.

1. **INDICTMENTS AND INFORMATIONS: Statutory Offense.** Where an indictment or information is based on a statute creating an offense unknown to the common law, it must set forth and charge all the constitutive facts required by the statute to constitute the offense and necessary to bring the accused fully within its provisions.

2. **STATUTES: Construction: Considering Other Statutes.** A statute should not be construed as if it stood alone—as being complete in itself and unaffected by other statutes, but all consistent statutes should be construed together, as constituting one act.

3. ———: ———: **Considering Title.** It is proper to consider the title of an act as an aid in construing its provisions.

4. ———: ———: **Criminal Statutes.** Criminal and penal statutes are to be strictly construed in favor of accused and against the State, both as to the charge and the proof.

5. **FOOD: Sale of "Imitation Butter:" Sufficiency of Information: Statute Construed.** Art. 4 of Chap. 4, R. S. 1909, establishes a bureau of dairying and relates to dairy products and imitations. Section 650 defines "imitation butter," "for the purposes of Sec. 650 to 662," to include every article, substitute or compound, other than that produced from pure milk or cream from the same, made in the semblance of butter and

designed to be used as a substitute therefor. Section 657, which purports to prohibit "offering imitation butter for sale," provides that no person shall sell or offer for sale any substance designed to be used as a substitute for butter under the name of or under the pretense that the same is butter. *Held,* that sections 650 and 657 must be read together, evidencing a legislative intent to prohibit, by the latter section, the sale of "imitation butter," as defined by the former; and hence an information, charging that defendant sold and offered for sale a substance designed to be used as a substitute for butter, to wit, oleomargarine, under the name of and under the pretense that the same was butter, was fatally defective for failure to charge that the substance sold was made in the semblance of butter or in imitation thereof—the averment that accused sold oleomargarine not being tantamount to a charge that he sold "imitation butter," as defined by the statute. [REYNOLDS, P. J., dissents.]

6. ———: ———: "Oleomargarine." Oleomargarine cannot be held as a matter of law to be imitation butter or an article made in the semblance of butter. [REYNOLDS, P. J., dissents.]

7. INDICTMENTS AND INFORMATIONS: Sufficiency of Charge: Intendment. Every material fact necessary to constitute the offense must be alleged in the indictment or information, and nothing is to be taken by intendment or implication. [REYNOLDS, P. J., dissents.]

Appeal from St. Louis Court of Criminal Correction. —*Hon. Calvin M. Miller,* Judge.

REVERSED AND REMANDED.

CAUSE CERTIFIED TO SUPREME COURT.

*Barclay, Fauntleroy, Cullen & Orthwein* for appellant.

(1) The information is a mere copy of a statute which does not individuate the offense, and is insufficient under the following authorities: State v. Miner, 233 Mo. 312; State v. Burke, 151 Mo. 142; United States v. Cruickshank, 92 U. S. 542; State v. Meysenburg, 171 Mo. 25; State v. Krueger, 134 Mo. 262; State v. Watson, 206 Mo. 420; State v. Stowe, 132 Mo. 199;

State v. Fraker, 148 Mo. 143; State v. Barbee, 136 Mo.
440; State v. Pickett, 174 Mo. 668; State v. Cameron,
216 Mo. 420. (2) The information does not allege or
specify what the pretense was. It is, therefore, not
sufficiently definite to inform the accused of the nature
and cause of the accusation against him as required by
Constitution, art. 2, sec. 22. People v. Brady, 56 N.
Y. 182; State v. Martin, 226 Mo. 538; State v. Pickett,
174 Mo. 663; State v. Fraker, 148 Mo. 143; State v.
Levy, 119 Mo. 434; State v. Kain, 118 Mo. 5; State v.
Chapel, 117 Mo. 639; State v. Fleming, 117 Mo. 377;
State v. Cameron, 117 Mo. 371; State v. Benson, 110
Mo. 18; State v. Terry, 109 Mo. 601; State v. Clay,
100 Mo. 571. (3) In the information no person is
named to whom the sale was made. State v. Miner,
233 Mo. 312; Robertson v. City, 38 N. J. Law, 72;
People v. Burns, 6 N. Y. Supp. 611; Flannagan v.
Plainfield, 44 N. J. Law, 119; State v. Burke, 151 Mo.
144; State v. Martin, 108 Mo. 117. (4) For aught
that appears in the information, the defendant may
have been in entire ignorance that the package was
not butter. The information should allege that the
defendant knew the article was imitation butter and
pretense was false. *Scienter* is not alleged. Com. v.
Boynton, 12 Cush. (Mass.) 500; State v. Rob-
erts, 201 Mo. 722; State v. Bradley, 68 Mo. 140; State
v. Phelon, 159 Mo. 127; State v. Delay, 93 Mo. 98;
State v. Peacock, 31 Mo. 413; People v. Behee, 51 N.
W. (Mich.) 515.

*John P. Leahy* for respondent.

(1) The information in this case follows the
language of the statute in describing the offense, and
is, therefore, sufficient. State v. Edgen, 181 Mo. 582.
(2) It is well-settled law in this State that when an
indictment or information describes the whole offense,
as in the case at bar, and is in the language of the

statute, it is sufficient, and need not be made more specific. State v. DeWit, 152 Mo. 76; State v. Krueger, 134 Mo. 262; State v. Wilkerson, 107 Mo. 184. (3) It is not necessary that the quantity or price or the person to whom the oleomargarine was sold should be stated in the information, and the information was not demurrable in the absence of such averments. State v. Ladd, 15 Mo. 430; People v. Adams, 17 Wend. 475; State v. Pyscher, 179 Mo. 140. (4) Averment or proof of guilty knowledge by the defendant was not necessary to secure a conviction in this case—the act carried with it the intent. State v. Pyscher, 179 Mo. 140; State v. Speyer, 182 Mo. 77; State v. Lentz, 184 Mo. 223. (5) It is the act itself and not the intent that determines the guilt. Groff v. State, 171 Ind. 547.

ALLEN, J.—The defendant was convicted of selling a substance designed to be used as a substitute for butter, under the name of and under the pretense that the same was butter. His punishment was assessed at the fine of fifty dollars. After unsuccessful motions for a new trial and in arrest, he brings the case here by appeal.

The prosecution is based upon section 657, Revised Statutes 1909, which is as follows:

"*Offering imitation butter for sale.*—No person, by himself or another, shall sell or offer for sale any substance designed to be used for a substitute for butter under the name of or under the pretense that the same is butter."

Ths is a section of article IV, of chapter IV, Revised Statutes 1909, establishing a bureau of dairying, and relating to dairy products and imitations. The section in question is one of a number of sections of this article relating to imitation butter. Section 650 defines "imitation butter." Section 651 prohibits the coloring of imitation butter. Section 652 provides

how vessels containing imitation butter shall be marked. Section 653 provides that imitation butter shall be shipped under its true name. In other sections are found provisions concerning the mixing of oleomargarine with butter, the branding of "renovated" butter, etc.

Section 650, of this article, is as follows:

*"Imitation butter defined.*—For the purpose of sections 650 to 662 of this article, every article, substitute or compound, other than that produced from pure milk or cream from the same, màde in the semblance of butter and designed to be used as a substitute for butter made from pure milk, or cream from the same, is hereby declared to be imitation butter."

The information charges: "That Thomas Shortell, in the city of St. Louis, on the third day of August, 1910, did, at No. 1209 North Thirteenth street, in the city of St. Louis, willfully and unlawfully sell and offer for sale a substance designed to be used as a substitute for butter, to-wit, oleomargarine, under the name of and under the pretense that the same was butter, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

I. It will be observed that the offense charged is set forth in the language of section 657, supra, and for this reason the respondent contends that it sufficiently advises the defendant of the nature and cause of the accusation. But it is a familiar rule of law, requiring no citation of authorities in its support, that where an indictment or information is based upon a statute creating an offense unknown to the common law, it must set forth and charge all of the constitutive facts required by the statute to constitute the offense and necessary to bring the accused fully within the statutory provisions.

The information, predicated solely upon section 657, is drawn upon the theory that this section may be taken separate and apart from the other provisions of the act, and that an information couched merely in the language of this section charges an offense under the statute. In other words it is insisted by respondent that it is not necessary to charge that the article sold was "imitation butter," or made in the semblance of butter, provided it is charged that it was designed to be used as a substitute for butter and sold under the pretense that it was the latter. But considering the act as a whole, and having in view particularly the relation of this section 657 to section 650, supra, it appears to be vital that the information charges that the thing sold was a substance made in imitation or in the semblance of butter. It was a well-known rule of statutory construction that a statute should not be construed as if it stood alone, as being complete in itself and unaffected by other statutes, but that all consistent statutes relating to the same subject are to be construed together, as constituting one act. [See Glaser v. Rothschild, 221 Mo. 1. c. 212, 120 S. W. 1; State ex rel. v. Patterson, 207 Mo. 1. c. 144, 105 S. W. 1048.] Here it is attempted to isolate one portion of an act from other sections thereof dealing with the same subject-matter, the latter being defined by one of these sections.

It is proper to consider the title to the act as an aid in construing its provisions. The title of this article is: *"Bureau of dairying, dairy products and imitations."* The first section with which we are concerned is section 650 which defines *"imitation butter," "for the purposes of sections 650 to 662."* Then follow various sections pertaining to *"imitation butter,"* one of them being section 657, which purports to prohibit *"offering imitation butter for sale."* Manifestly these two sections (650 and 657) must be read

together, and the latter construed with regard to the definition of the subject-matter thereof contained in the former section. It therefore becomes apparent that the legislative intent, in enacting section 657, was to prohibit the sale of *imitation butter,* i. e., a substitute or compound not produced from pure milk or cream, *made in the semblance of butter,* under the pretense that the same is butter.

Another well-established rule, to be borne in mind in this connection, is that criminal and penal statutes are strictly construed in favor of the defendant and against the State, both as to the charge and the proof. [State v. McMahon, 234 Mo. 611, 137 S. W. 872; State v. Koock, 202 Mo. 223, 100 S. W. 630.]

In the instant case the information merely charges a sale of "a substance designed to be used as a substitute for butter, to-wit, olemargarine." It is not charged that the substance in question was made in the semblance of butter, or in imitation of the latter, which, under the statute, is an essential element of the offense.

II. It is true that the information charges that the substance sold was oleomargarine, and it is urged, in effect, that this is tantamount to a charge that the defendant sold "imitation butter," or a substance made in the semblance of butter. But in order to sustain the information on this ground we should have to hold, as a matter of law, that oleomargarine is imitation butter, or an article made in the semblance of butter, and this, even though the oleomargarine be in its natural state, without artificial coloring or anything else to cause it to resemble butter. Both reason and authority are against our so doing.

Under a New York statute prohibiting the manufacture or sale of any article not produced from milk or cream, "in imitation or semblance of" butter, it has been held not criminal to sell a substitute for but-

ter unless it is in imitation or semblance thereof. [People v. Arensberg, 103 N. Y. 388, 57 Am. Rep. 741.] In that case the substance manufactured and sold was oleomargarine. The court said: "Whether the oleomargarine manufactured by the defendant was or was not an imitation or semblance of butter became the material inquiry, but was withheld from the jury, and they were instructed to convict upon proof of the manufacture and sale of the article known as oleomargarine. . . . The vital point of the alleged crime is the manufacture and sale of an article which is an imitation and semblance of butter, and so is calculated to deceive and indicates a de-- ceptive purpose, immediate or ultimate, and that is a question of fact which the court was not authorized to determine as a matter of law, but upon the evidence produced should have submitted it to the jury.'' [See, also, People v. Meyer, 44 N. Y. App. Div. 1; People v. Wahle, 124 N. Y. App. Div. 762; People v. Simpson, 114 N. Y. Supp. 945; People v. Schnitzius, 113 N. Y. Supp. 313; State v. Meyer, 135 Wis. 86, 14 L. R. A. 1061; Bennett v. Carr, 134 Mich. 243, 96 N. W. 26.]

It is a familiar rule of criminal pleading that every material fact necessary to constitute the offense must be alleged in the indictment or information, and that nothing is to be taken by intendment or implication. [See State v. Hall, 130 Mo. App. 1. c. 174, 108 S. W. 1077; State v. Timeus, 232 Mo. 177, 135 S. W. 26.]

We are here not dealing with the statute under consideration in State v. Addington, 12 Mo. App. 214, 77 Mo. 110, nor with the provisions of the present statute involved in State v. Bockstruck, 136 Mo. 335, 38 S. W. 317. In the latter case, however, the indictment charged, and the proof showed, that the oleomargarine sold was colored to imitate butter, in contravention of the provisions of the statute upon which the prosecution was there based.

The information is assailed upon other grounds and there are other assignments of error, but these matters will not be discussed because of the divergent views entertained by the members of this court concerning the questions involved in the case, and inasmuch as the cause is to be certified to the Supreme Court for final disposition.

The information being fatally defective, for the reasons given above, and insufficient to support a conviction, the judgment of the St. Louis Court of Criminal Correction should be reversed and the cause remanded. *Nortoni, J.,* concurs. *Reynolds, P. J.,* dissents in a separate opinion, and as he deems the decision rendered herein to be contrary to that of the Supreme Court in State v. Bockstruck, 136 Mo. 335, 38 S. W. 317; and in State v. Hilton, 248 Mo. 522, 154 S. W. 729, and to other decisions cited in his dissenting opinion, he asks that the cause be certified to the Supreme Court, which is accordingly done.

## DISSENTING OPINION.

REYNOLDS, P. J.—I find myself unable to agree to the conclusions arrived at by my esteemed Brother Allen as to the sufficiency of the information in this case. I have expressed my view of a similar information in the case of State v. Maurer, *post,* p. 175, to which I refer, and think all the points of objection which are raised by my Brother ALLEN to the present information are disposed of contrary to his contention by the ruling of our Supreme Court in State v. Bockstruck, 136 Mo. 335, 38 S. W. 317, in which an information under this same oleomargarine law, although a different section of it, was before the Supreme Court and was held to be sufficient. I am very clearly of the opinion that when this information charges, as it does, that the defendant sold oleomargarine as and for butter, that

it is sufficient to bring the offense within the statute. See also State v. Wilkerson, 170 Mo. 184, l. c. 191 and 193, 70 S. W. 478, and State v. Edgen, 181 Mo. 582, l. c. 589, 80 S. W. 942, as to the sufficiency of the information in other respects, that is, it charges a statutory offense substantially in the language of the statute. I ask that this case be certified to the Supreme Court as directly in conflict with that case, which I consider the last controlling decision of the Supreme Court on the subject, as also contrary to the decisions of our Supreme Court in State v. Cummings, 248 Mo. 509, 154 S. W. 725, and State v. Hilton, 248 Mo. 522, 154 S. W. 729, as well as to the other cases referred to on this point in my dissenting opinion in State v. Maurer and in this opinion.