## THE STATE v. TED OWENS, Appellant.

### Division Two, July 5, 1916.

1. **ESCAPING PRISONER: Form Street Commissioner.** Under Sec. 4381, R. S. 1909, declaring that "if any person confined in the county jail upon conviction for any criminal offense, or held in custody going to such jail, shall break such prison or custody, and escape therefrom, he shall, upon conviction, be punished by imprisonment in the penitentiarv" etc., a prisoner who has by order of the court been placed in the custody of the street commissioner and, required to work on the streets, cannot be convicted for breaking custody and escaping from said street commissioner. The statute limits its violation to a breaking and escaping from a county jail or from custody going to jail. Nor is there any other statute under which a prisoner can be convicted for breaking custody and escaping from a street commissioner while engaged at work in the streets.

2. ————: **Construing Criminal Statute.** Criminal statutes must be strictly construed. The court cannot, on a plea of a failure of justice, extend a criminal statute beyond the grammatical and natural meaning of the terms it uses.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED.

*M. E. Morrow* for appellant.

(1) The indictment charges no offense against the laws of Missouri, as it was not charged that the defendant escaped from an officer having legal custody of him, while going to jail. Sec. 4381, R. S. 1909. (2) The indictment does not charge that defendant was lawfully in the custody of N. F. Webster, the street commissioner, at the time of his escape, nor does it state facts sufficient to show that said Webster's custody was lawful. Church on Habeas Corpus, 169. (3) There can be no escape when the defendant was not

lawfully in the custody of the officer. The street commissioner could not be the lawful officer unless the county court had made a contract with the city to work the prisoner. Sec. 5281, R. S. 1909.

John T. Barker, Attorney-General. and Kenneth C. Sears for the State.

(1.) Quaere: Whether the act of the defendant constituted a statutory offense in view of the rule that penal statute must be strictly construed. State v. Chapman, 33 Kan. 134; Commonwealth v. Homer, 46 Mass. 555. (a) Cases wherein strict construction prevailed: McClintic v. Lockridge, 11 Leigh, 253; Welsh v. State, 61 S. E. (Ga. App.) 496; State v. Pishner, 52 L. R. A. (N. S.) 369. (b) Cases wherein there was a more liberal construction: Commonwealth v. Briggs, 46 Mass. 559; Commonwealth v. Adams, 3 Pa. Super. Ct. 167. (2) If other difficulties do not prevent we ask that the cause be remanded so that a trial can be had upon a common law offense. Secs. 8047-8048, R. S. 1909; 2 Hawkins, P. C., 189; Commonwealth v. Farrell, 87 Mass. 130. (3) Before a conviction can be had of the offense of escape there must be lawful custody. Daniel v. State, 114 Ga. 537; Saylor v. Commonwealth, 122 Ky. 776. Quaere: Whether the custody in this case was lawful since there was no order from the county court permitting the street commissioner to have charge of the defendant. Secs. 3731-3733, 4915, 5281, R. S. 1909.

WILLIAMS, C.—Under an indictment attempting to charge the defendant with a violation of section 4381, Revised Statutes 1909, defendant was tried in the circuit court of Howell County, found guilty and his punishment assessed at two years in the penitentiary. Defendant has duly perfected an appeal to this court.

Due to the conclusion which we have reached in this case, it will only be necessary to consider the indictment, which, omitting caption and formal parts, was as follows:

"The grand jurors for the State of Missouri, summoned from the body of Howell County, impaneled, sworn and charged to inquire within and for the body of the county of Howell, now here in court, upon their oath present and charge that at the March term, 1915, at and in the county of Howell and State of Missouri, one Ted Owens was then and there duly convicted and found guilty by a jury, of the offense of felonious assault and his punishment fixed at a fine of one hundred dollars, in default and failure to pay which in accordance with said conviction, he, the said Ted Owens, was by the said court duly committed to the county jail of said county, and it was ordered by the court that he, the said Ted Owens, be placed in custody of the street commissioner of the city of West Plains, a city of the third class, and required to work on the streets of the said city, until said fine and costs of said action be paid and he be discharged by due course of law; and that in accordance with the orders of said court the said Ted Owens was so committed to the custody of one N. F. Webster who was then and there duly qualified and acting street commissioner and guard, to be worked as a prisoner on the streets of the city of West Plains, as aforesaid, and that afterwards, to-wit, on the —— day of May, 1915, at and in the said city of West Plains, in the county of Howell and State of Missouri, the said Ted Owens, while then and there in the custody of the said N. F. Webster, street commissioner and guard aforesaid, did then and there unlawfully, willfully and feloniously break custody, run away and escape from the said N. F. Webster, street commissioner and guard aforesaid, and that the said N. F. Webster was then and there duly authorized and empowered to act and

was then and there acting as such officer, street commissioner and guard under and by authority of law; and that the said Ted Owens did then and there unlawfully and feloniously break away, run and escape from the custody of the said N. F. Webster, street commissioner, officer and guard as aforesaid; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State.''

Section 4381, Revised Statutes 1909, upon which this prosecution was based, reads as follows:

"If any person *confined in any county jail* upon conviction for any criminal offense, *or held in custody going to such jail,* shall break such prison or custody, and escape therefrom, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding three years, or in a county jail not less than six months, to commence at the expiration of the original term of imprisonment.''

It will be noted that the above section limits the violation to a breaking and escaping from a "county jail" or from "custody going to jail," and the statute in no manner undertakes to prescribe a penalty for escaping from a street commissioner into whose custody he is placed for the purpose of being worked upon the streets, as charged in the present indictment. Our attention has not been called to a statute nor have we been able to find one making the acts charged in the present indictment a criminal offense. As much is virtually conceded by the brief of the learned Attorney-General. This being true, we need not determine whether the information sufficiently charges a lawful custody in said street commissioner.

It is a well established rule that criminal statutes must be strictly construed. Very appropriate to the discussion here is the language used by the Kansas Supreme Court in discussing a section (182) of

the Kansas Code which appears to be almost an exact duplicate of section 4381, Revised Statutes 1909. The court said:

"Section 182 has reference to persons confined in a county jail or held in custody going to such jail. As a rule, penal statutes must be strictly construed, and they cannot be extended beyond the grammatical and natural meaning of their terms, upon the plea of failure of justice. [Remmington v. State, 1 Ore. 281; State v. Lovell, 23 Iowa, 304; Gibson v. State, 38 Ga. 571.]

"We are not at liberty to interpolate into the statute 'city prison' nor can we judicially determine that a 'city prison' is a 'county jail.' It is therefore our opinion that the matters charged in the information do not constitute any. offense within the statute. The omission is one for which the Legislature is responsible. It is probably a *casus omissus*, which the Legislature may, but the court cannot, supply." [State v. Chapman, 33 Kan. 134.]

The judgment is reversed and the defendant discharged. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WIL-LIAMS, C., is adopted as the opinion of the court. All of the judges concur.