## THE STATE v. JOSEPH BARTLEY, Plaintiff in Error.

### Division Two, June 5, 1924.

1. **STATUTORY CONSTRUCTION:** Enlargement by Implication. Criminal statutes are to be strictly construed; liberally in favor of the defendant and strictly against the State, both in the charge and in the proof. Implication is not allowed; where one class of

persons is designated as subject to its penalties, all others not mentioned are exonerated.   No criminal statute is to be extended or enlarged by judicial construction to embrace offenses or persons not strictly within its terms.   .

2. ———: ———: Incest: **Niece of the Half Blood.**   The statute (Sec. 3511, R. S. 1919) declaring that intermarriage between "brothers and sisters of the half as well as the whole blood, uncles and nieces, aunts and nephews" shall be unlawful, and that all such persons "who shall commit adultery or fornication with each other, or who shall lewdly and lasciviously cohabit with each other, shall be guilty of incest," does not include nephews and nieces of the half blood;  and under said statute, and the further statute (Sec. 3612, R. S. 1919)- declaring it to be a misdemeanor to falsely and maliciously accuse another of incest, a defendant who accused another with having had sexual intercourse with his niece of the half blood cannot be convicted, because said Section 3511 does not make it incest for a man to have sexual intercourse with his niece of the half blood.   The words "of the half blood" do not appear after the words "uncles and nieces," or after the words "aunts and nephews" and cannot be inserted or interpolated by the courts.

Headnote 1:   **Statutes,** 36 Cyc. 1183, 1186.   Headnote 2:   **Incest,** 31 C. J. sec. 10;  **Libel and Slander,** 25 Cyc. 569.

Transferred from Kansas City Court of Appeals.

JUDGMENT OF CIRCUIT COURT REVERSED.

*N. T. Cave* and *Emil P. Rosenberger* for plaintiff in error.

(1)   That portion of the majority opinion holding in substance that "the fact that the evidence shows that defendant was only the half-uncle of the girl, being the half-brother of her mother, does not render the evidence broader than the information, nor does it constitute a failure to prove that there was no imputation of incest against the girl by the slanderous words, and that half-uncles and half-nieces are included within the class named who shall be adjudged guilty of incest, as provided by Section 3511, Revised Statutes 1919," is in direct conflict with, and is opposed to the following decisions of this court, to-wit: State v. Jaeger, 63 Mo. 403; State v. Gritz-

ner, 134 Mo. 512; State v. Butler, 178 Mo. 272; State v. Balch, 178 Mo. 392; State v. McCance, 110 Mo. 398; State v. Reid, 125 Mo. 43; State v. Koock, 202 Mo. 223; State v. McMahon, 234 Mo. 611; State ex rel. Collins v. Railroad Co., 238 Mo. 605; State v. Owens, 268 Mo. 481. (2) Criminal statutes must be strictly construed; they must be not only strictly construed, but cannot be extended or enlarged by judicial construction so as to embrace offenses and persons not plainly within their terms; a criminal statute should be strictly construed against the State and in favor of innocence and liberty; where a statute defines an offense and designates one class of persons as subject to its penalties, all other persons are deemed to be exonerated and no one is to be made subject thereto by implication.

*Jesse W. Barrett,* Attorney-General; *J. Henry Caruthers,* Assistant Attorney-General, and *W. B. Whitlow,* Prosecuting Attorney, for defendant in error.

(1) The majority opinion is correct and follows the adjudicated cases on the subject of incest in relation to half-uncles and half-nieces. Secs. 3511, 3612, R. S. 1919; State v. Reedy, 44 Kan. 193; State v. Wyman, 59 Vt. 529.

HIGBEE, C.—Joseph Bartley was convicted in the Circuit Court of Callaway County of falsely and maliciously accusing a female of incest. On a writ of error, the Kansas City Court of Appeals affirmed the conviction. Judge BLAND deeming the opinion of the court to be in conflict with certain previous decisions of the Supreme Court, the case was certified and transferred to this court.

The amended information, based on Section 3612, Revised Statutes 1919, charges that Bartley falsely and maliciously imputed to Grace A. T—— the crime of incest, by falsely and maliciously speaking to Ed. Love certain words by which he meant and was understood to mean that he, Bartley, had had sexual intercourse with said Grace A. T——, the said Grace A. T—— being the niece of the said Joseph Bartley. A trial was had,

resulting in a verdict of guilty and assessing the defendant's punishment at a fine of $400.

Bartley is a half-brother of the mother of Grace A. T———. They are, therefore, uncle and niece of the half blood. Section 3511, Revised Statutes 1919, defining incest, reads:

"Persons within the following degrees of consanguinity, to-wit: Parents and children, including grandparents and grandchildren of every degree, brothers and sisters of the half as well as of the whole blood, uncles and nieces, aunts and nephews, who shall intermarry, or who shall commit adultery or fornication with each other, or who shall lewdly and lasciviously cohabit with each other, shall be adjudged guilty of incest, and be punished by imprisonment in the penitentiary not exceeding seven years."

Section 7299, Revised Statutes 1919, prohibiting marriage between certain relatives, reads:

"All marriages between parents and children, including grandparents and grandchildren of every degree, between brothers and sisters of the half as well as of the whole blood, and between uncles and nieces, aunts and nephews, first cousins, white persons and negroes, white persons and Mongolians, are prohibited and declared absolutely void, and this prohibition shall apply to illegitimate as well as legitimate children and relatives."

Falsely and maliciously to accuse any female of incest is a misdemeanor. [Sec. 3612, R. S. 1919.]

The majority opinion of the Court of Appeals holds that the words "uncles and nieces," as used in the statute (Sec. 3511, supra), includes uncles and nieces of the half as well as of the whole blood. The opinion cites State v. Reedy, 44 Kan. 190, where the court, at page 192, said: "An uncle is defined to be the brother of a father or mother, and according to the common understanding, there is no distinction between the whole and the half blood." In support of this proposition, the opinion quotes 1 Bishop on Marriage and Divorce, sec. 317 (Sec. 748, Ed. 1891): "The relationship by half blood is the same in

these cases as by whole blood; so that, for example, it is incest for a man to marry the daughter of his brother of the half blood, or the daughter of his half-sister." The learned author, as will be seen by the context, was treating of the English ecclesiastical law (32 Hen. 8 c. 38), which declared lawful the marriage of all persons "not prohibited by God's law to marry." [Ib. sec. 737.] It prohibits marriages between persons related by blood or marriage within the Levitical degrees. [Lev. ch. 18.] "Under the statute it is incestuous for a man to marry his deceased wife's sister, or for a woman to marry her deceased husband's brother." [Sec. 747.] In another work he says: "At the time of the settlement of our country, incest, the same as common adultery and fornication, was punishable as an offense against the ecclesiastical laws, but it was not indictable in the common law courts. It is not, therefore, indictable under our common law." [Bishop on Statutory Crimes (3 Ed.) sec. 728.]

We must, therefore, look to the statute for the definition of incest. Are uncles and aunts of the half blood, as well as of the whole blood, within the prohibited degrees of relationship? Criminal statutes are to be construed strictly; liberally in favor of the defendant and strictly against the State, both as to the charge and the proof. No one is to be made subject to such statutes by implication. Where one class of persons is designated as subject to its penalties, all others not mentioned are exonerated. [State v. Jaeger, 63 Mo. 403, 409; State v. Gritzner, 134 Mo. 512, 527; State ex rel. v. State Board of Health, 288 Mo. 659, 671, 232 S. W. 1031; State v. McMahon, 234 Mo. 611, 137 S. W. 872.] Such statutes are not to be "extended or enlarged by judicial construction so as to embrace offenses or persons not plainly written within their terms." "The reason of the rule is found in the tenderness of the law for individuals, and on the plain principle that the power of punishment is vested in the Legislature and not in the judicial department." [State v. Reid, 125 Mo. 43, 48, and cases cited.] We cannot interpolate into the statute the words "uncles and aunts of the half blood." [State v.

Owens, 268 Mo. 481, 485, 178 S. W. 1189.] We might, with equal propriety, interpolate the words "first cousins" into the statute, because Section 7299, Revised Statutes 1919, forbids their intermarriage. The statute cannot be "regarded as including anything not within its letter as well as its spirit; that is not clearly and intelligibly described in the words of the act, as well as manifestly intended by the Legislature." [State ex inf. Collins v. St. Louis Ry. Co., 238 Mo. 605, 612, 142 S. W. 279.]

After quoting Sections 3511 and 7299, Revised Statutes 1919, supra, Judge BLAND, in his dissenting opinion, said: "Both of these statutes mention brothers and sisters of the half as well as the whole blood. It is apparent that the Legislature in enacting these statutes had in mind relationships of the half as well as the whole blood, and if it intended the statutes to cover aunts and nieces of the half blood, why did it not say so? I think that the well-established canon of statutory construction, *expressio unius est exclusio alterius*, applies to these statutes. When the Legislature mentioned brothers and sisters of the half blood it necessarily excluded all other relationships of the half blood."

We concur in Judge BLAND's opinion. The court erred in overruling the demurrer to the evidence. The judgment is reversed. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.