STATE of Missouri (Plaintiff), Respondent,

v.

Ben MUCHNICK (Defendant), Appellant.

No. 30352.

St. Louis Court of Appeals.

Missouri.

April 19, 1960.

Cecil Block, Merle L. Silverstein, St. Louis, for appellant.

William J. Geekie, Pros. Atty., Sidney Faber, Asst. Pros. Atty., St. Louis, for respondent.

RUDDY, Judge.

Defendant was found guilty by a jury of permitting a person under the age of twenty-one years to assist in the sale of intoxicating liquor and his punishment was assessed at a fine of $550.00. In accordance with the verdict of the jury defendant was sentenced to pay said fine and he appeals.

Defendant's first point presents the contention that the Information does not state any facts which constitute a crime under the laws of the State of Missouri. In support of this contention he asserts that the statute involved provides that no person under the age of twenty-one years shall assist in the sale of intoxicating beverages and that defendant is charged only with "permitting" a minor to assist in such sale which is not prohibited by statute or common law.

The Information under which defendant was tried and found guilty [omitting recitals], reads as follows:

"That Ben Muchnick in the City of St. Louis, on the 3rd day of August, 1958 being then and there licensed by the Supervisor of Liquor Control for the State of Missouri to sell intoxicating liquor in the original package at and upon the premises located at 1000 N. Sarah Street, in said city and state, did then and there unlawfully permit Gilbert D. Brown, fifteen years of age, to assist in the sale and dispensation of intoxicating liquor contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

The only statute applicable to the charge contained in the aforesaid Information is Section 311.300 RSMo 1949, V.A.M.S. which reads as follows:

"No person under the age of twenty-one years shall sell or assist in the sale or dispensing of intoxicating liquor."

A violation of this statute is a misdemeanor. All who participate in the commission of a misdemeanor are principals. There are no accessories in misdemeanors, either before or after the fact, and all persons concerned therein are to be treated as principals. State of Missouri v. Weston, Mo.App., 275 S.W.2d 601; State of Missouri v. Sargent, 241 Mo.App. 1085, 256 S.W.2d 265; 22 C.J.S. Criminal Law § 81b, pp. 145, 146.

The aforesaid statute refers only to persons under twenty-one years of age and prohibits such persons from selling or assisting in the sale or dispensing of intoxicating liquor. The only other person capable of being charged with a violation of this statute would have to be one who aids, abets, assists or encourages a minor in the sale or dispensation of intoxicating liquor.

Aiding or abetting, in the sense that those words are used in criminal law, contemplate conduct calculated to incite, encourage or assist in the perpetration of a crime. These words comprehend all assistance rendered by acts or words of encouragement, incitement or support in the criminal act and involve some participation, either before or at the time the criminal act is committed. It implies some conduct of an affirmative nature. 22 C.J.S. Criminal Law § 88b, pp. 158, 159.

In the case of State v. Orrick, 106 Mo. 111, 17 S.W. 176, loc. cit. 178, the court, in

discussing the meaning of "aiding and abetting" said: "Mere consent to a crime, when no aid is given, and no encouragement rendered, does not amount to a participation." In the Orrick case the court also held that in order to hold one as an aider and abettor the evidence must tend to prove "that he did some act in aid of his principal in the commission of the felony, or his presence gave encouragement to its perpetration." 17 S.W. loc. cit. 178.

In the case of State v. Bresse, 326 Mo. 885, 33 S.W.2d 919, loc. cit. 921, the court approved an instruction which told the jury, "that every person who is present at the commission of a felony, aiding, abetting, assisting or encouraging the same by words or gestures, looks or signs is in law deemed an aider and abettor and is liable as a principal."

■ In order to aid and abet in the commission of a crime it is necessary that a defendant in some way associate himself with the principal in bringing about the commission of the crime. Mere negative acquiescence is not sufficient. 22 C.J.S. Criminal Law § 88b, p. 159.

" 'A mere presence, or presence combined with a refusal to interfere or with concealing the fact, or a mere knowledge that a crime is about to be committed, or a mental approbation of what is done while the will contributes nothing to the doing, will not create guilt.' Bishop Criminal Law, 9th Ed. Vol. 1, sec. 633. State v. Bresse, 326 Mo. 885, 33 S.W.2d 919; State v. Odbur, 317 Mo. 372, 295 S.W. 734." State v. Mathis, Mo.App., 129 S.W.2d 20, loc. cit. 22.

The Information in the instant case alleges that defendant did "unlawfully *permit* Gilbert D. Brown, fifteen years of age, to assist in the sale and dispensation of intoxicating liquor * * *." Merely alleging that defendant "did unlawfully permit" the minor to assist in the sale and dispensation of intoxicating liquor is insufficient to charge that defendant aided,

abetted or took any affirmative action to assist the minor in the unlawful act. The use of the word "permit" fails to clearly charge that defendant participated in some way in the doing of the prohibited act by the minor. The Information wholly fails to disclose the character of the permission alleged, whether defendant actively encouraged the minor or whether defendant's permission consisted of mere passiveness or non-interference with the minor's act. The Information fails to show whether the minor was an employee under the control of defendant or under what circumstances the minor was present when the prohibited act took place.

In the case of In re Thomas, D.C., 103 F. 272, loc. cit. 274, the court, in considering the meaning of the word permit, said: " 'To permit' is defined as not to hinder. Webster defines 'permit' as more negative than 'allow'; that it imports only acquiescence or an abstinence from prevention,— while 'suffer' he defines as having an even stronger passive and negative sense than permit, and as implying sometimes mere indifference. It would seem, therefore, that to permit or suffer implies no affirmative act,—involves no intent. It is mere passivity, indifference, abstaining from preventive action."

The case of Wittenberg v. Board of Liquor Control, Ohio App., 80 N.E.2d 711, loc. cit. 716, was a proceeding to revoke a liquor permit. In considering a charge that the proprietor of a hotel in which he maintained a night club, operated under a permit issued by the Department of Liquor Control, *permitted* the rooms of the hotel to be used in a lewd and lascivious manner, the court said:

"In Dorris v. McKamy, 40 Cal.App. 267, 180 P. 645, 646, the court had under consideration an allegation that the marshal 'permitted' prostitutes to occupy certain buildings. The Court held that as charged, ' "permit" involv[ed] no intent, but impl[ied] mere passivity and abstinence from preven-

tive action'. At page 649 of 180 P. the writer of the opinion says: 'The word "permit" is a word of considerable elasticity; it lacks clear-cut and precise definiteness. As defined by Webster and others, "permit" implies no affirmative act. It involves no intent. It is mere passivity, abstaining from preventive action.' Citing In re Thomas, D.C. 103 F. 272, 274."

To the same effect see Evans v. United States Fidelity & Guaranty Co., 195 Mo. App. 438, 192 S.W. 112, loc. cit. 115.

■ The sufficiency of the Information in the case before us depends on the meaning of the word "permit." As we have shown, it implies no affirmative act, necessary to hold one as aider and abettor and of more importance to our consideration, it involves no intent to commit a crime. Intent to aid and abet the minor in the commission of the offense is an essential element of the charge.

■ We are aware that the same nicety is not required in drawing Informations in cases of misdemeanors as is required in charging common law felonies. State v. Maurer, 255 Mo. 152, 164 S.W. 551, and State v. Granger, Mo.App., 199 S.W.2d 896. However, the Information should state, with reasonable certainty, facts which constitute the offense. The defendant should not have to guess the nature of the charge against him or speculate as to the meaning of the allegations in the Information, and this is true in prosecutions for misdemeanors as well as for felonies. State v. Maher, 232 Mo.App. 998, 124 S.W. 2d 679; City of St. Louis v. Wyatt, Mo. App., 189 S.W.2d 129.

■ An additional reason exists why the Information should state the facts with reasonable certainty and leave nothing to speculation or guess, and it is, that the basis for the charge against the defendant in the ~ase is of purely statutory origin and the charge contained in Section 311.300

RSMo 1949, V.A.M.S., was unknown to the common law. State v. Shortell, 174 Mo.App. 153, 156 S.W. 988.

■ We are in full accord with the efforts of the responsible enforcement authorities in the strict enforcement of § 311.300. Nevertheless, we cannot lose sight of the fact we are dealing with a criminal statute. There is a total failure to allege an offense under the statute. The St. Louis Court of Criminal Correction was without jurisdiction to entertain a prosecution under this Information. The judgment of said court is reversed and defendant is discharged.

WOLFE, P. J., and ANDERSON, J., concur.