ceedings. *State v. Small*, 386 S.W.2d 379, 381[1–4] (Mo.1965).

Judgment affirmed.

All concur.

STATE of Missouri, Respondent,

v.

Leonard D. RALLS, Appellant.

No. KCD 30561.

Missouri Court of Appeals, Western District.

Oct. 1, 1979.

Motion for Rehearing and/or Transfer Denied Oct. 29, 1979.

Application to Transfer Denied Dec. 6, 1979.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., and WELBORN and HOUSER, Special Judges.

WASSERSTROM, Chief Judge.

The information here charged that defendant did "being confined as a prisoner in the County Jail of Jackson County Missouri after conviction for the crime of Stealing from the Person, on [sic] felony on the 16th day of June, wilfully, unlawfully, feloniously, break custody and confinement and escape therefrom" in violation of Section 557.-380, RSMo 1978. The case was tried to the court on a stipulation of facts, resulting in a sentence of six months, consecutive to the sentence imposed for stealing.

The agreed facts are that defendant was sentenced to the stealing charge on the morning of June 16, 1978. The sentence ordered that he be held in the Jackson County Department of Corrections until transportation was available to the Missouri Department of Corrections. At the same time, the court ordered at defendant's request that he be allowed to go to the funeral of his father which was being held that same morning and that "he was to be escorted by and be held in the custody of the Jackson County Department of Corrections while at that funeral."

Defendant was taken to the funeral home in the custody of Lt. James Winn. As defendant's father's body was being placed in the hearse, defendant ran away from Winn, necessitating a foot chase by Winn and the shooting of two shots on the ground after asking defendant to stop. Defendant failed to heed the warning, but he was finally stopped and arrested by a member of the Kansas City Missouri Police Department.

Statutory Section 557.380 provides that "[i]f any person confined in any county jail upon conviction for any criminal offense, or held in custody going to such jail, shall break such prison or custody, and escape therefrom," he shall be guilty of the crime

of escape. Defendant's sole point on this appeal is that the stipulated facts do not bring him within the quoted provisions in that he "was not confined in a county jail or held in custody going to such a jail in that [he], at the time of his escape, was not within the walls of the Jackson County Department of Corrections or being transported thereto."

Although defendant was not actually within the walls and behind the bars of the Jackson County Jail at the time he broke away from Lt. Winn, nevertheless he was at the time constructively confined in said jail. That was essentially the holding in *Ford v. State*, 237 Md. 266, 205 A.2d 809 (1965), where the defendant was taken from jail in the custody of a correctional officer in order to attend trial in a criminal court in the City of Baltimore. He there broke away from his guard, ran out of the courtroom, but was soon recaptured. The Maryland Court of Appeals sustained a conviction of escape, against the defendant's contention that at the time he broke away he was not in "a place of confinement." In that connection, the opinion states: "As we have seen, Maryland draws no distinction between an escape from within the prison walls and one effected when the prisoner, while still in legal custody, was physically outside the prison area."

Likewise, in *State v. Campbell*, 314 A.2d 398 (Me.1974), the defendant was on authorized leave from prison to visit his mother in custody of a prison guard. In his mother's home, which lacked plumbing facilities, he requested permission of the guard to use an outbuilding. On that excursion he escaped briefly but was recaptured. His conviction for escape was affirmed, the Maine Supreme Court holding in part as follows: "The escape or departure from lawful custody need not be from physical confinement within the walls of an institution but, as we said in *Boyce v. State*, 250 A.2d 200, 202 (Me.1969), may be 'from outside the walls,' and the result is the same whether such departure be from an authorized or unauthorized assignment."

So also in *State v. Kiggins*, 86 S.D. 612, 200 N.W.2d 243 (1972), the defendant was released from county jail on a work release program under which he was released in the morning and required to return in the afternoon. The court held that the defendant's failure to return from work constituted an indictable "escape from a county jail." The opinion holds in part:

"Defendant was lawfully confined in the Minnehaha County jail. The privilege of work-release merely extended the limits of his confinement. Until his discharge by due process of law he remained under the legal restraint of his sentence and in constructive custody of the jail. His wilful abscondment from restraint and custody constituted an escape."

An opinion of this court also bears upon this case. In *State v. Heckman*, 518 S.W.2d 100 (Mo.App.1974), the defendant had been sentenced to confinement in the county jail, but had been transferred to the Municipal Corrections Institution pursuant to contractual arrangement between Jackson County and Kansas City. The defendant then escaped from the city jail and was charged with escape under Section 557.380. This court held that the city jail "is but an extension of custody, or constructive custody of those in charge of the Jackson County Jail" and that the defendant had therefore committed an "escape" within the meaning of Section 557.380 "from a county jail after conviction."

As in the above cases, so also here defendant at the time he broke away from Lt. Winn was in the constructive confinement of the county jail. His escape falls within the ambit of Section 557.380.

Defendant seeks shelter under the holding of *State v. Owens*, 268 Mo. 481, 187 S.W. 1189 (1916). That case is not in point. There the defendant was ordered "placed in custody of the street commissioner of the city of West Plains, a city of the third class, and required to work on the streets of the said city until said fine and costs of said action be paid." Owens simply held that an allegation that the defendant had escaped from the custody of that street commission-

er did not constitute an escape within the statute which is now Section 557.380. Under those facts, the street commissioner was clearly separate from and unconnected with the county jail and his custody was not constructive confinement in the county jail.

Affirmed.

All concur.